IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARBELLA GONZALEZ GARCIA, and MELANIE KARCZEWSKI, Individually and on behalf of other employees similarly situated,<br>　　　　　　　Plaintiff<br>v.<br><br>OMNI SPECIAL SERVICES, LLP D.B.A. METRO CLEAN, SYNTECOS and GUIDO COSTANTINI,<br>　　　　　　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Now comes MARBELLA GONZALEZ GARCIA and MELANIE KARCZEWSKI ("Plaintiffs") on behalf of all others similarly-situated, and complains of Omni Special Services, LLP D.B.A. Metro Clean, Syntecos and Guido Costantini (collectively, "Omni" or "Defendants") and for cause of action would show the Court as follows:

### I. INTRODUCTION

1. Plaintiffs bring a collective action to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. Plaintiffs seek declaratory relief, back pay and liquidated damages, attorney's fees, and taxable costs of court, pursuant to 29 U.S.C. § 216(b), for Defendants' willful failure to pay overtime to Plaintiff and all others similarly-situated, during their employment with the Defendants.

3. Accordingly, Plaintiffs brings this action on behalf of themselves and other employees similarly-situated. Plaintiffs refer to Class Members and all other similarly situated hourly employees interchangeably throughout this lawsuit.

1

## II. JURISDICTION AND VENUE

4. Plaintiffs' claims arise under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §201 *et. seq*. Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

5. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas. Venue is also proper in the Southern District of Texas because the two non-individual Defendants have their principal place of business in Texas and in the Southern District of Texas.

## III. PARTIES

6. Plaintiff MARBELLA GONZALEZ GARCIA resides in Harris County, Texas. Plaintiff GONZALEZ GARCIA is suing in both her individual capacity and on behalf of similarly-situated employees. This Plaintiff consents to join this collective action as the Notice of Consent, attached as Exhibit A.

7. MELANIE KARCZEWSKI resides in Harris County, Texas. Plaintiff Karczewski is suing in both her individual capacity and on behalf of similarly-situated employees. This Plaintiff consents to join this collective action as the Notice of Consent, attached as Exhibit B, indicates.

8. Defendant OMNI SPECIAL SERVICES, LLP D.B.A. Metro Clean, is a Texas corporation that conducts business in the State of Texas. This Defendant may be served by serving its registered agent Naoko Costantini at 10612 Hempstead Highway, Suite E, Houston, Texas 77055, or at any other place it may be found.

9. Guido Costantini is a resident of Colorado and may be served at 1243 Anglers Dr., Steamboat Springs, CO 80487-8832

10. Syntecos is the parent company of Metroclean. This Defendant may be served by serving its registered agent, Luisa Costantini at 2319 Shakespeare, Houston, TX 77030, or at any other place it may be found.

## IV. COVERAGE OF THE FLSA

11. At all material times, Defendants have been an employer within the meaning of the FLSA.

12. At all material times, Defendants have operated an enterprise within the meaning of the FLSA.

13. At all material times, Defendants have operated an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA.

14. At all material times, Plaintiffs were individual employees engaged in commerce as required by the FLSA. Like the Plaintiffs, the members of the Plaintiff Class were all employees within the last three (3) years performing their duties for the Defendants as required by the FLSA.

15. Defendants classified Plaintiffs as hourly but did not pay overtime.

16. Plaintiff Garcia Gonzalez is not literate in English.

17. Plaintiff Garcia Gonzalez is literate in Spanish.

## V. CLASS ALLEGATIONS

18. Plaintiffs file this case as an "opt-in" class action as specifically allowed by 29 U.S.C. §216(b).

19. The class that the Plaintiffs seek to represent may be described as follows:

    All current and former employees that Omni employed in the three years preceding the filing of this Complaint subjected to automatic lunch deductions or rounding of hours.

20. Plaintiffs seek to represent only those members of the above-described group who, after appropriate notice of their ability to opt-in to this action, have provided consent in writing to be represented by Plaintiffs' counsel 29 U.S.C. §216(b) requires.

21. The Class is broken down by two subgroup of workers who are part of this collective actions: hourly Office Workers and Custodians.

22. Office Workers (Office Worker Class) are all office workers who Defendants paid on an hourly basis.

23. Custodians (Custodian Class) are custodians who provide the main services of the Defendants.

24. Those persons who choose to opt in, hereinafter referred to as the "Custodian Class" or "Office Worker Class" will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

25. While the workers belong in two different categories (Office Worker Class and Custodian Class) and have different job duties, they are all subject to the same general policies. Office Worker Class were subject to automatic lunch deductions. Custodian Class were subject to automatic lunch deductions and rounding of their work hours to save the company money.

26. Plaintiffs contend that this action is appropriate for class action status because the Defendants herein have acted in the same manner with regard to all members of the Plaintiff Class.

27. The members of the Plaintiff Class are similarly-situated to Plaintiffs and are owed overtime wages for the same reasons as Plaintiffs. These employees should be notified of this case and given the opportunity to join this suit.

## VI. FACTUAL ALLEGATIONS

### A. Class Claim based on Automatic Lunch Deductions

28. Defendants' policy and practice was to deduct automatically time for lunches for all Office Workers and Custodians

29. When Defendants employed Plaintiff Garcia and Plaintiff Karczewski as hourly employees, they automatically deducted time for an automatic lunch deduction.

30. This case has two groups of workers who were subjected to automatic lunch deductions: Custodians and office workers.

31. The Custodians, of whom Plaintiff Gonzalez Garcia is one, were hourly employees and were subjected to an automatic deduction of thirty minutes a day whether or not they took a lunch break.

32. Starting in May of 2018, Plaintiff Karczewski was an office worker who was paid on an hourly basis.

33. Plaintiff Karczewski and all other hourly employees in the office were subjected to an automatic lunch deduction of one hour a day.

34. Defendants subjected Plaintiff Gonzalez Garcia and all other custodians that Defendants employ to an automatic lunch deduction of ½ hour a day.

35. Defendants required the office workers and custodians to work during their lunch breaks or did not allow a full lunch break.

36. Both the office workers and the custodians worked over forty hours a week.

37. Defendants' automatic lunch deductions resulted in unpaid overtime.

38. Plaintiffs often did not take a lunch break or Defendants interrupted their lunch breaks so frequently that they could not use the lunch break for their own time.

39. While Defendants require the Custodians to clock-in and out at the job site when they start and finish work and for lunch breaks, they don't use that information for payroll purposes.

40. Defendants require the Custodians to clock-in and out on their phone using an app called Deputy.

41. Deputy sends the Custodian's clock-in and out time and total hours worked to Defendants.

42. Defendants import the total hours the Custodian worked into an Excel Pivot table.

43. Defendants use the Excel pivot table to deduct automatically thirty (30) minutes of lunch break from each Custodian's shift whether they took a lunch break or even if the lunch break was less than 30 minutes.

44. At all material times, Defendants have been employers within the meaning of the FLSA (29 U.S.C. § 203(d)) because Defendants had the power to hire or fire Plaintiff and Class Members; the authority to direct and supervise the work of Plaintiff and the Class Members; the authority to sign checks and paychecks; the authority to control the employees' work schedule and their conditions of employment; the authority to determine the employees' rate of pay and the method of payment; and was responsible for maintaining employment records for its employees.

45. At all material times, Guido Costantini had direct control over the operations of the company and operated the company remotely from Denver, Colorado using the telephone, remote banking, and remote access to the company's computer system and database. Accordingly, Defendant Costantini acted directly or indirectly in the interest of an employer in relation to Plaintiff and other similarly situated employees, so as to render said Defendant individually liable under the FLSA (29 U.S.C. § 203(d)).

46. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of the FLSA (29 U.S.C. § 203(s)(1)) because Defendants engaged in related activities for the common business purpose of operating a custodial service throughout Texas, and because Defendants have employees engaged in commerce.

47. During the last three years, Defendant Omni has had, and continues to have, an annual gross business volume more than $500,000.00 (29 U.S.C. § 203(s)).

48. At all material times, Plaintiff Karczewski was an individual employee who engaged in commerce or in the production of goods for commerce as required by the FLSA (29 U.S.C. § 206-207). Plaintiff Karczewski engaged in interstate commerce by using the internet to do banking for Defendants with Cadence Bank.

49. At all material times, Plaintiff Gonzalez Garcia was an individual employee who engaged in commerce or in the production of goods for commerce as required by the FLSA (29 U.S.C. § 206-207). Plaintiff Gonzalez Garcia engaged in interstate commerce by using cleaning supplies (manufactured for interstate commerce and introduced into the stream of commerce by vendors such as Ridley's, C-Wolf and Diversified Products or sometimes Home Depot.)

### B. Class Claim Based on Rounding

50. Defendants' policy and practice was to round the punch-in or punch-out times to favor Defendants over Custodians

51. Defendants shorted the pay of Plaintiff Gonzalez Garcia and the members of the Class who worked as Custodians by subjecting to a rounding practice described below.

52. The Custodians, of whom Plaintiff Gonzalez Garcia is one, were hourly employees and were subjected Defendants' policy and practice of rounding the punch-in or punch-out times to favor Defendants.

53. Defendants required Plaintiff Gonzalez Garcia and the other similarly-situated Custodians to clock-in at 7 a.m. and work until 3:00 p.m.

54. If Plaintiff Gonzalez Garcia and the other similarly-situated Custodians clocked out after 3:00 p.m. Defendants would round their employees time back to 3:00 p.m.

55. If Plaintiff Gonzalez Garcia and the other similarly-situated Custodians clocked out before 3:00 p.m. Defendants would use the actual clock-out to calculate wages.

56. Defendants would edit the time sheets to reduce hours worked and any overtime.

57. Often times Defendants would simply ignore overtime and issue paychecks without editing the timesheets.

58. Defendants would issue paychecks that do not reflect all the time worked by Plaintiff Gonzalez Garcia and the other similarly-situated Custodians.

## VII. COLLECTIVE ACTION ALLEGATIONS

59. Each allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

60. Other employees have been victimized by this pattern, practice, and policy of the Defendants in violation of the FLSA.

61. Members of the Plaintiff Class are being denied their lawful wages since Defendants have been making automatic lunch deductions from all members of the Office Worker Class and Custodian Class.

62. All Custodian Class members were subjected to Defendants' rounding practices that resulted in unpaid overtime.

63. Accordingly, Defendants' pattern or practice of failing to pay the employees for all hours worked as required by the FLSA results from Defendants' general application of policies and practices of applying an automatic lunch deduction from the weekly time records.

64. Defendants are denying members of the Custodian Class their lawful wages since Defendants round the clock-in and clock-out times of the Custodian Class to benefit Defendants.

65. The experience of Plaintiff Karczewski is typical of the experience of the Office Worker Class. The specific job titles or job requirements of the various members of the Office Class do not prevent collective treatment since the common complaint is automatic lunch deductions.

66. The experience of Plaintiff Gonzalez Garcia is typical of the experience of the members of the Custodian Class. The specific job titles or job requirements of the various members of the two Class do not prevent collective treatment.

67. All of Defendants' employees, regardless of their job requirements or rates of pay, were denied overtime compensation for all hours worked more than forty (40) per week through rounding or automatic lunch deductions, and thus are similarly-situated.

68. Although the issue of damages may be individual in character, the facts related to liability are common to the Plaintiff Class.

69. Plaintiff Karczewski, Plaintiff Gonzalez Garcia and the Plaintiff Class seek an amount of back pay equal to the overtime compensation which has been unlawfully withheld in a period beginning three years before the filing of this lawsuit and continuing until the date of trial.

## VIII.   CAUSE OF ACTION: FAILURE TO PAY OVERTIME

70. Each allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

71. Defendants' failure to pay overtime wages, to Plaintiff Karczewski, Plaintiff Gonzalez Garcia and the Plaintiff Class, was and is in violation of the FLSA.  Accordingly, Plaintiff Karczewski, Plaintiff Gonzalez Garcia and the Plaintiff Class are entitled to overtime in an amount equal to one and one-half times their regular rates of pay for each hour worked over forty in each workweek.

72. Additionally, Plaintiff Karczewski, Plaintiff Gonzalez Garcia and the Plaintiff Class are entitled to an amount equal to all their unpaid wages as liquidated damages.

73. The fact that Defendant routinely edits the records of its employees' hours of work to eliminate or reduce the overtime recorded shows that Defendant is aware of its own continuing FLSA violations and seeks to conceal them.

74. Plaintiff Karczewski, Plaintiff Gonzalez Garcia and the Plaintiff Class are entitled to recover attorney's fees and costs of this action as provided by the Fair Labor Standards Act, 29 U.S.C. §216(b).

## PRAYER

WHEREFORE, Plaintiffs request that this Court award Plaintiff Karczewski, Plaintiff Gonzalez Garcia and the Plaintiff Class judgment against Defendants for the following relief:

a. A declaration that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. §207, by failing to pay Plaintiffs and all other similarly-situated employees overtime pay at one and one-half times their regular hourly rate for all hours exceeding forty (40) worked during each seven-day work period.

b. Damages for the full amount of their unpaid overtime compensation;

c. An equal amount as liquidated damages;

d. Reasonable attorney's fees, costs, and expenses of this action;

e. Such other and further relief as may be allowed by law.

Respectfully submitted,
TRAN LAW FIRM

*/S/Trang Q. Tran*
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
Scott Stambush
Federal I.D: 23822
Texas Bar No. 00789807
2537 South Gessner, Suite 104
Houston, Texas 77063
(713) 223-8855 Telephone
(713) 623-6399 Facsimile
ttran@tranlawllp.com
Stambush@tranlf.com
service@tranlawllp.com
**LEAD ATTORNEYS FOR PLAINTIFF**